BUMGARDNER v. THE CIRCUIT COURT OF HOWARD COUNTY.

1. The act of the Legislature of Mo. directing a stay of execution on judgments obtained before justices of the peace, is unconstitutional both as it regards the constitution of this State and of the U. S.

Opinion of the court delivered by McGIRK, J.

Bumgardner obtained a judgment before J. Sears a justice of the peace. The justice took a bond with security of the defendant for the stay of execution for four months. Bumgardner demanded his execution, alleging that the act of the General Assembly authorising the stay of execution was unconstitutional and void. The justice refused to issue the execution, Bumgardner applied to the circuit court for a mandamus, to compel the justice to issue the execution; the court refused the mandamus; the party has applied to this court for a mandamus to the circuit court, to compel that court to issue the mandamus to the justice of the peace. A conditional mandamus was ordered by this court, to which the circuit court has made return relying on the act of the General Assembly respecting the collection of small debts before justices of the peace (see R. code 482 sect 26) by which it is provided, that wherever any judgment shall be rendered against any defendant, and he shall give special bail in the manner hereafter provided; if the judgment shall be under ten dollars there shall be a stay of execution for one month—if above ten dollars and not exceeding thirty dollars, there shall be a stay of execution for two months; and when the judgment shall be above thirty and not exceeding ninety dollars, there shall be a stay of execution for four months. In this case the judgment was over $30 and the stay was four months.

Messrs. Davis & Wilson of counsel for Bumgardner contended that this act of the General Assembly, so far as respects the stay of execution is unconstitutional and void.

We are well satisfied the act is contrary to the constitution of this State. The 7th sect. of the 13th article says, that "courts of justice ought to be always open to every person, and certain remedy afforded for every injury to person, property or character; and that right and justice ought to be administered without sale, denial or delay." To postpone execution one month or four months after the right is ascertained by a competent court, is both a denial and delay of justice.

The 10th sect. of the 1st art. of the constitution of the United States declares that no state shall pass any law impairing the obligation of contracts. The 17th section of the 13th article of our State Constitution declares that the legislature of this state cannot pass any law, impairing the obligations of contracts. What is a law impairing the obligation of contracts was fully considered in the case of Gentry & wife v. Baily 1 vol. Mo. R. 164. We see no distinction between that case and the present one. That case must govern this case.

But the motion to make the mandamus peremptory is overruled, for as much as the time has long since elapsed, within which the circuit court could with propriety have commanded the justice of the peace to issue execution on the judgment.

MAY TERM
1835.

Bumgardner
v.
The circuit court.

The act of the legislature of Mo. directing a stay of execution on judgments obtained before justices of the peace, is unconstitutional both as it regards the constitution of this State and of the U.S.